# Exhibit A

## SMALL CLAIMS SUMMONS AND RETURN OF SERVICE

**Plaintiff or Plaintiff's Attorney Information:**

Name: Law Office of Matthew E Rose

Address: 209 Main Street
Fort Lee, NJ, 07024

Phone: (201) 482-8111

Luis Chiquito

**versus**

GC Services

**Plaintiff(s)**

**Defendant(s)**

**Defendant Information:**
Name: GC Services

Address: 6330 Gulfton,
Houston, TX 77081.

Phone: (800) 326-3446

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION, SPECIAL CIVIL PART**

Bergen _____ COUNTY

Docket Number: SC 1737-11
(to be provided by the court)

**Civil Action**

**SUMMONS**

(Check one):  __X__  Contract _____ Tort

| | |
|---|---|
| Demand Amount: | $ 3,000.00 |
| Filing Fee: | $ 15.00 |
| Service Fee: | $ |
| Attorney's Fees: | $ |
| TOTAL: | $ 3,015.00 |

**YOU MUST APPEAR IN COURT ON THIS DATE AND TIME:** MAY 1 9 2011
at __8:45 A.M.__ **a.m./p.m., OR THE COURT MAY RULE AGAINST YOU.**

**REPORT TO:** ROOM 414

**RETURN OF SERVICE** (For Court Use Only)
**COURT OFFICER'S RETURN OF SERVICE**
**IF SERVED BY COURT OFFICER**
Docket Number: _____
Date: _____  Time: _____  __WM__ __WF__ __BM__ __BF__ OTHER __
HT__ WT__ AGE__ HAIR __ MUSTACHE__ BEARD __ GLASSES __
NAME: _____  RELATIONSHIP: _____
Description of Premises _____

*FILED*

*MAY 4 2011*

*BERGEN COUNTY*
*SPECIAL CIVIL PART*

I hereby certify the above to be true and accurate:

_____
Court Officer

**IF SERVED BY MAIL:**

I, _____, hereby certify that on _____, I mailed a copy
of the within summons and complaint by regular and certified mail-return receipt requested.

_____
Employee Signature

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone
(201) 482-8190 – Facsimile
Attorneys for Plaintiff
        Luis Chiquito

# SUPERIOR COURT OF NEW JERSEY
# LAW DIVISION SPECIAL CIVIL PART
# BERGEN COUNTY

Luis Chiquito
Plaintiff,

v.

GC Services LP
Defendant.

Docket No.  **SC 1737-11**

MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S
COMPLAINT

**FILED**

MAY 4 2011

BERGEN COUNTY
SPECIAL CIVIL PART

On the Brief:

Yaakov Saks Esq.

Yaakov Saks, of full age, hereby certifies as follows:

## Complaint

1. This is an action under the **Fair Debt Collection Practices Act**, hereinafter "FDCPA," 15 U.S.C. § 1692a.

### Parties

2. The Plaintiff is Luis Chiquito.

3. Defendant is GC Services LP located at 6330 Gulfton, Houston, TX 77081.

4. Defendant is a debt collector as defined by the FDDCPA, 15 U.S.C. § 1692a (6).

5. The Plaintiff is a "consumer" as defined by the FDDCPA, 15 U.S.C. § 1692a (3).

### Factual Allegations

6. On or around April, 20 2010, the plaintiff was contacted by the defendant via an initial contact letter.

7. Defendant was and still is attempting to collect an alleged debt.

8. The said debt was originally property American Express, but was based upon information and belief, has been assigned or sold to GC Services LP for collection.

9. The letter uses vague wording that states the plaintiff's account has been "referred to us" without any further clarification. The letter does not at all

explain the relationship of the defendant to American Express, nor do they, yet

the defendant insists that the plaintiff "should send us your payment."

10. These statements are misleading, deceptive and illegal.

11. The alleged debt is owed to American Express and the plaintiff does not consent

to or ratify any assignment of the alleged debt.

12. The letter does not reference at all how GC Services LP received this account. If

GC Services has any right to collect this debt it must show or at least state is has

been assigned or purchased this alleged debt.

13. Additionally the letter is lacking  the required wording that a consumer has the

right to dispute the debt within thirty days of receipt of the letter.

14. The initial contact letter contained multiple misstatements that are considered

deceptive to any consumer, let alone the least educated consumer.

## Claims for Relief

The FDCPA requires that "within five days after the initial communication with a

consumer in connection with the collection of any debt, a debt collector" must send the

debtor a written validation notice containing certain information. 15 U.S.C. § 1692g (a).

The notice must inform the debtor of the amount of the debt, the name of the creditor,

and state that the debt will be assumed valid if the debtor does not dispute its validity

within 30 days of the receipt of the notice. Id. § 1692g (a) (1)-(3). Furthermore, the notice

must include a statement that if the debtor disputes the debt within 30 days of the notice,

the debt collector will obtain and send the debtor verification of the debt and, upon

written request, send the debtor the name and address of the current creditor, if different from the original creditor. Id. § 1692g (a) (4)-(5).

The Defendant never included this required language. An average consumer let alone the least sophisticated consumer, and more specifically in the case at hand one of Spanish origin who is not fluent in English, would be completely confused and deceived by this letter. It does not explain how the defendant acquired this debt, or if they own it at all. If the debt is not owned, then the letter contained no proof or claim of assignment by the original creditor.

The FDCPA states in § 812. (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. This initial contact letter was written to completely deceive the consumer as to who owned this debt at this time, and as to ability to dispute the debt.

The wording of the letter is intended to put the consumer in an extremely unfair position of being at the mercy of the debt collector for leading the consumer to believe that they have no other course of action available to them other to pay the debt, when in actuality the creditor is fully obligated under the law to notify the consumer on the front of the collection letter that the consumer has the ability to dispute the debt.

As a result of the above violations of the FDCPA, the defendant is liable to the Plaintiffs for actual damages, statutory damages which can be up $1,000 per violation of the FDCPA, and costs and attorneys fees.

Wherefore, Plaintiff respectfully submits that judgment in a sum of $3,000 be entered against the Defendant for the following:

    A.  Actual Damages resulting from a drop off in the Plaintiff's credit score, and his inability to continue his normal way of life.

    B.  Actual damages resulted from stress and confusion that this deceptive collection practice caused.

    C.  Statutory Damages pursuant to 15 U.S.C. § 1692(k) up to $1000 per violation.

    D.  Filing and attorneys fees.

    E.  For such other and further relief as may be just and proper.

Respectfully submitted,            Law Offices of Matthew E. Rose Esq.
                                    Attorneys for Plaintiff
                                    Luis Chiquito
                                    By:___Yaakov Saks___ May 2, 2011

Rule 4:51-1 Certification

    The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: ___05/02/2011___      Signature: _____

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile

# Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant GC Services is located at 6330 Gulfton, Houston, TX 77081.

2. GC Services does not have an address in New Jersey, but is subject to jurisdiction in

New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Date: _05/02/2011_      Signature: _____

_____ Yaakov Saks_

**RECEIVED**

**MAY 16 2011**



THE SUPERIOR COURT OF NEW JERSEY

Law Division, Special Civil Part     **RECEIVED**

SMALL CLAIMS SUMMONS     MAY 16 2011

~~LAW DEPT.~~

## YOU ARE BEING SUED!

IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS CASE, YOU MUST APPEAR IN COURT. IF YOU DO NOT, THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not come to court on the trial date to answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Come to court to answer the complaint.* You do not have to file a written answer, but if you dispute the complaint and want the court to hear your side of the case, you must appear in court on the date and at the time noted on the next page.

AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. You will have to appear in court on the trial date unless a written agreement is reached and filed with the court.

AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at  201-487-2166 . If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at  201-488-0044 .

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**La traducción al español se encuentra al dorso de esta página.**

Clerk of the Special Civil Part